

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-14-00337-CR

SHAYLOR ALAN LAMBERT                                        APPELLANT

V.

THE STATE OF TEXAS                                               STATE

----------

### FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1356789D

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

After finding Appellant Shaylor Alan Lambert guilty of the offense of unlawful possession of a firearm by a felon, a jury assessed his punishment at fifteen years' confinement, and the trial court sentenced him accordingly. *See* Tex. Penal Code Ann. § 46.04(a)(1) (West 2011). In his sole issue, Lambert

---

[1]*See* Tex. R. App. P. 47.4.

argues that the trial court erred by admitting evidence of his gang affiliation during the punishment phase of the trial. We will affirm.

## II. Background

During the punishment phase, the State introduced evidence of Lambert's affiliation with the Aryan Circle, a white supremacist gang. Lambert objected to the introduction of such evidence, arguing that it violated his First Amendment right of free association. The trial court overruled Lambert's objection and allowed the State to present evidence of his affiliation with the Aryan Circle.

The State called Officer Chris Wells, a fourteen year veteran of the Fort Worth Police Department's gang intelligence section, to testify regarding Lambert's gang affiliation. Officer Wells testified that the Aryan Circle is a spin-off group of the Aryan Brotherhood, with the group's origins centered around white supremacist beliefs. While originating as a prison gang, the Aryan Circle also operates as a criminal street gang outside of the prison structure. Officer Wells testified that the Aryan Circle is involved with property crimes, crimes against persons, and narcotics, particularly methamphetamine.

Officer Wells also testified about Lambert's numerous gang-related tattoos. Lambert's left pectoral contained a tattoo of a skull imposed over a swastika. The eye sockets of the skull contained lightning bolts, symbols associated with the Nazi SS. Lambert's left arm contained a tattoo of the word "White," while his right arm contained a tattoo of the word "Pride." Most notably, Lambert had a diamond-shaped tattoo on his left side that contained a swastika and lightning

2

bolts inside of the diamond. The initials "A" and "C" adorned the sides of the diamond. Officer Wells testified that this tattoo is referred to as the "AC diamond" in the gang world and is specific to the Aryan Circle. He characterized Lambert's tattoos as gang-related and consistent with membership in the Aryan Circle.

Officer Wells testified that violent ramifications can result when a nonmember or disassociated member displays tattoos associated with a gang. He stated that gang members have been known to cut tattoos off of individuals who are not in good standing with the gang. A member who wishes to disassociate from a gang will, according to Officer Wells, typically black out any tattoo associated with the gang or have the tattoo concealed with a cover-up tattoo. Officer Wells testified that the fact that Lambert had not gotten any cover-up tattoos suggested that he had not disassociated from the Aryan Circle.

The State also called Ramona Wisdom to testify, a woman who had talked to Lambert on several occasions while visiting her friend with whom Lambert stayed, to prove Lambert's affiliation with the Aryan Circle. Wisdom testified that she had asked Lambert about his tattoos and that he had told her they were from "the Aryan Brotherhood." Wisdom also described a conversation with Lambert during the fall prior to his arrest when he had told her that his "brothers had his back whenever."

### III. STANDARD OF REVIEW

We review a trial court's decision to admit evidence under an abuse of discretion standard. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App.

3

2000); *Lagrone v. State*, 942 S.W.2d 602, 613 (Tex. Crim. App.), *cert. denied*, 522 U.S. 917 (1997). A trial court does not abuse its discretion as long as the decision to admit the evidence is within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

## IV. EVIDENCE OF GANG AFFILIATION

In his sole issue, Lambert claims that the trial court's punishment-phase admission of evidence relating to his affiliation with the Aryan Circle violated his First Amendment right of free association. The First Amendment protects an individual's right to join associations with others holding similar beliefs. *Dawson v. Delaware*, 503 U.S. 159, 163, 112 S. Ct. 1093, 1096 (1992); *Mason v. State*, 905 S.W.2d 570, 576 (Tex. Crim. App. 1995), *cert. denied*, 516 U.S. 1051 (1996). However, the Constitution does not erect a *per se* barrier to the admission of evidence concerning one's beliefs and associations at punishment merely because those beliefs and associations are protected by the First Amendment. *Dawson*, 503 U.S. at 165, 112 S. Ct. at 1097; *Mason*, 905 S.W.2d at 576. Such evidence may be admissible if it is shown to be relevant to the issues involved in the case. *Dawson*, 503 U.S. at 164–65, 112 S. Ct. at 1097; *Mason*, 905 S.W.2d at 576–77.

Evidence of gang membership may be relevant at the punishment phase of the trial to show the character of the defendant. *Mason*, 905 S.W.2d at 577; *Anderson v. State*, 901 S.W.2d 946, 950 (Tex. Crim. App. 1995). To prove the

4

relevance of a defendant's gang membership, the State must establish proof of the gang's violent and illegal activities and the defendant's membership in the gang. *Mason*, 905 S.W.2d at 576–77; *Beasley v. State*, 902 S.W.2d 452, 456 (Tex. Crim. App. 1995). Evidence of a defendant's gang membership is admissible as long as the jury is (1) provided with evidence of the defendant's gang membership, (2) provided with evidence of the character and reputation of the gang, (3) not required to determine if the defendant committed the bad acts or misconduct attributable to the gang generally, and (4) only asked to consider the reputation or character of the accused. *Beasley*, 902 S.W.2d at 457.

Here, Lambert contends that the only evidence of his affiliation with the Aryan Circle stems from an affiliation in the past, during the mid-1990s,[2] while the only evidence presented of the character and reputation of the Aryan Circle relates to its present-day reputation. Thus, according to Lambert, the trial court erred in admitting evidence of his affiliation with the Aryan Circle because the State did not present evidence of the activities of the Aryan Circle in the past during the time period in which he was a member. Officer Wells, however, testified that Lambert's tattoos were consistent with membership in the Aryan Circle. He also testified that the fact that Lambert had not gotten any cover-up

---

[2]The record does not reflect when Lambert received his gang-related tattoos. Lambert contends in his brief, however, that he received the tattoos while in prison in the mid-1990s. Regardless of when he first received the tattoos, there is evidence to support the notion that Lambert was affiliated with the Aryan Circle at the time of his sentencing.

tattoos suggested that he had not disassociated himself from the Aryan Circle; disassociated members covered their Aryan Circle tattoos or suffered consequences from the gang. The evidence also consists of the testimony of Ramona Wisdom, who stated that Lambert told her that his tattoos were from the "Aryan Brotherhood" and that his "brothers had his back whenever." This is evidence that Lambert was affiliated with the Aryan Circle at the time of his sentencing. Consequently, the evidence was relevant to his character, and the admission of it was not outside the zone of reasonable disagreement. *See Anderson*, 901 S.W.2d at 950 (gang membership relevant to show character in non-capital sentencing).

Lambert also contends that the evidence regarding his affiliation with the Aryan Circle enflamed the emotions of the jury in violation of the First Amendment. In support of this proposition, Lambert cites *Dawson*, arguing that the facts of that case fit the facts of his own. *Dawson* is distinguishable because the holding in *Dawson* turned on a narrow stipulation of facts about the gang of which Dawson was a member that was offered in lieu of the State calling an expert witness. *Dawson*, 503 U.S. at 165, 112 S. Ct. at 1097. That stipulation simply read: "The Aryan Brotherhood refers to a white racist prison gang that began in the 1960's in California in response to other gangs of racial minorities. Separate gangs calling themselves the Aryan Brotherhood now exist in many state prisons including Delaware." *Id.* at 170, 112 S. Ct. at 1100. The Supreme Court concluded that the narrowness of the stipulation left the evidence of gang

6

membership without relevance, as the State had not established that the Aryan Brotherhood committed any unlawful or violent acts. *Id.* at 165–66, 112 S. Ct. at 1097–98. Because the evidence was not relevant, the Supreme Court ruled that such evidence should not have been admitted. *Id.* at 167, 112 S. Ct. at 1098. The Supreme Court noted, however, that in other cases where evidence of a gang's unlawful or violent acts existed,

> associational evidence might serve a legitimate purpose in showing that a defendant represents a future danger to society. A defendant's membership in an organization that endorses the killing of any identifiable group, for example, might be relevant to a jury's inquiry into whether the defendant will be dangerous in the future.

*Id.* at 166, 112 S. Ct. at 1098.

Unlike *Dawson*, here the State presented evidence that the Aryan Circle was associated with violent and illegal activities. Namely, the State presented evidence that the Aryan Circle is involved in property crimes, crimes against persons, and narcotics crimes. Accordingly, the trial court did not abuse its discretion in admitting evidence of Lambert's association with the Aryan Circle. We overrule Lambert's sole issue.

## V. CONCLUSION

Having overruled Lambert's sole issue, we affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, DAUPHINOT, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

7

DELIVERED:  October 15, 2015